**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                                                                   **4:05CR00068JMM**

**O.C. RAWLS**

**ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA**

On October 28, 2005, Defendant entered a conditional guilty plea to one count of being a felon in possession of a firearm, a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) and one count of possession with intent to distribute cocaine base, a violation of Title 21, United States Code, Section 841(a)(1). Defendant entered this plea pursuant to a plea agreement with the United States. According to the plea agreement, Defendant was entitled to withdraw his guilty plea if he prevailed on appeal of the Court's denial of his motion to suppress or the appeal of any other pretrial issue. The Defendant did not file an appeal. However, he now petitions the Court to withdraw his guilty plea because he states that he did not have a "clear understanding" of his plea agreement. Defendant states:

> That day I have never had time to review the plea agreement. The only time I have seen the plea agreement was in open court minutes befor [sic] I signed the agreement. . . . At the time I signed the plea I was under so much pressure, by my family, my attorney and the procedures of the court. . . .

(Def.'s Brief in Support of Mot. To Withdraw Guilty Plea).

Rule 32(e) permits a defendant to withdraw a guilty plea for "any fair and just reason." Fed. R. Crim. P. 32(e). Although Rule 32(e) establishes "a liberal standard, it does not create an automatic right to withdraw a plea." *U.S. v. Kelly*, 18 F.3d 612, 618 (8th Cir. 1994). "Besides any fair and just reason, a court should also consider whether the defendant has asserted his innocence to the charge, the length of time between the plea of guilty and the motion to

withdraw, and whether the government will be prejudiced by the withdrawal." *U.S. v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005)(internal quotations omitted). "If a defendant fails to establish a fair and just reason for withdrawing the guilty plea, the district court need not address the remaining factors." *U.S. v. Wicker,* 80 F.3d 263, 266 (8th Cir. 1996).

The Court finds that the Defendant has failed to establish a fair and just reason for withdrawing his guilty plea. He merely states that he was unable to read the plea agreement until the day of his plea change hearing and that he was under pressure from his family, attorney, and court procedures. He does not claim that he is actually innocent of the charges. Furthermore, the transcript from the plea change hearing confirms that there was sufficient evidence at the time of the plea for the Court to reasonably determine that the Defendant committed the offenses. *See* Fed. R. Crim. Pro. 11(f); *U.S. v. Wicker,* 80 F.3d 263 (8th Cir. 1996). The Assistant United States Attorney gave a detailed account of the evidence against the Defendant. The Defendant listened to the account, agreed that these charges could be proven as stated by the Assistant United States Attorney, and pled guilty to the charges. (Plea transcript at p. 12-16). The Court specifically found during the hearing that the Defendant was entering his plea voluntarily with full knowledge of the facts. (Plea transcript at p. 16-17). "Post-plea regrets by a defendant . . . are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea. . . ." *U.S. v. Stuttley,* 103 F.3d 684, 686 (8th Cir. 1996).

For these reasons, the Motion to Withdraw Guilty Plea (Docket #30) is DENIED.

IT IS SO ORDERED this 13th day of March 2006.

_____
James M. Moody
United States District Judge